**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**WHEELING**

**CHARLES V. STEELE,**

Petitioner,

**v.**

**ROBERT HUDGINS,**

Respondent.

**Civil Action No.:5:20-cv-103**
**(BAILEY)**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 2, 2020, Charles Steele, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). The petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction and sentence from the Northern District of Indiana. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

### II.   BACKGROUND[1]

In March of 2004, a grand jury returned a two-count indictment against the

---

[1] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket available on PACER and all ECF numbers are from that case.  See United States v. Steele, 2:04-cr-00058-PPS-APR.  Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

petitioner charging him with being a felon in possession of a firearm, both in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). [Doc. 1].  On September 27, 2005, the petitioner pleaded guilty with the benefit of a plea agreement to Count Two. [Doc. 11].   In the written plea agreement, the petitioner acknowledged that he understood the charges against him and was agreeing to plead guilty to Count Two charging him with being a felon in possession of a firearm because he was in fact guilty of that offense. [Doc. 11, ¶ 7(a)]. He also acknowledged that he understood that because he had three previous convictions for a violent felony or serious drug offense, the statutory mandatory minimum possible penalty that would be imposed upon him for his conviction was not less than 15 years and the maximum possible penalty was a term of incarceration of life. [Id. ¶ 7(b)]. On December 20, 2005 the district court sentenced the petitioner to 180 months, the statutory mandatory minimum term of imprisonment applicable under the ACCA.

The petitioner did not file a direct appeal.  However, on October 30, 2013, more than one year after his judgment of conviction became final, the petitioner filed a habeas petition under 28 U.S.C. § 2255, in which he claimed that he received ineffective assistance of counsel due to his lawyer not requesting his sentence be consistent with U.S.S.G. § 5G1.3(b).   In addition, the petitioner claimed that he received ineffective assistance of counsel due to his lawyer failing to appeal his sentence because the District Court did not adjust a sentence pursuant to U.S.S.G. § 5G1.3(b). On November 14, 2016, the district judge denied the § 2255 motion. [Doc. 60].  On January 3, 2017, the petitioner filed a Notice of Appeal. [Doc. 62]. On October 6, 2017, the United States Court of Appeals for the Seventh Circuit granted the Government's motion for summary

affirmance and affirmed the District Court's judgment denying the § 2255. [Doc. 69].

### III. <u>STANDARD OF REVIEW</u>

#### A.  Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4,  Rules Governing Section 2254 Cases in the U.S. District Courts (2014); <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.  Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. <u>See</u> <u>Weller v. Dep't of Social Servs.</u>, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

### IV.    <u>CLAIMS OF THE PETITION</u>

The petitioner requests that this Court vacate his sentence and order his immediate release. In addition, the petitioner requests that his sentence be vacated, and he be resentenced without the supervised release and other conditions that were imposed by the court.[2] In support of his request that the court vacate his sentence and order his immediate release, the petitioner relies on the recent decision in Rehaif v. United States, 139 S.Ct. 2191 (2019). More specifically, the petitioner argues that pursuant to Rehaif, the Government must show that the defendant knew that he possessed the firearm and belonged to the relevant category of persons barred from possessing a firearm. [Doc. 1 at 5]. With respect to the petitioner's request that he be resentenced without the supervised release and other conditions that were imposed by the court, he argues that the District Court breached the terms of the binding plea agreement. [Id. at 6].

## V.    APPLICABLE LAW

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism

---

[2] Pursuant to the judgment in  his criminal case, the petitioner will be on supervised release for a term of four years following his release from imprisonment. His judgment also provides that he must report to the probation office in the district to which he is released within 72 hours of release from the custody of the Bureau of Prisons. In addition, he is not to commit another federal state or local crime and shall not unlawfully possess a controlled substance. The judgment also provides that the petitioner shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within fifteen days of release from imprisonment and up to 104 periodic drug tests thereafter, as determined by the court. Finally, the judgment specifically provides that the petitioner shall not possess a firearm, ammunition, destructive device or any other dangerous weapon. The judgment also contained all the standard conditions of supervision and three additional supervised release terms: (1) that he participate in a drug aftercare treatment program under a co-payment plan which may include testing for the detection of drugs of abuse at the direction and discretion of the probation officer; (2) that he participate in a co-payment program to offset the costs of treatment; and (3) while under supervision, he shall not consume alcoholic beverages or any mood altering substances, which overrides the "no excessive use of alcohol" language in Standard Condition #7.

by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their

convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[3] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

---

[3] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429.   The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler.   Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  *See* Wheeler, 886 F.3d at 423–26.

## VI.   ANALYSIS

Although the petitioner has not raised the savings clause, he is not entitled to its application. Even if the petitioner satisfied the first and third elements of Jones, the crime for which he was convicted remains a criminal offense, and therefore, he cannot satisfy the second element of Jones.

7

Although the petitioner argues that <u>Rehaif</u> invalidates his conviction, he misconstrues its impact on his conviction. In <u>Rehaif</u>, the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(1), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 130 S.Ct. at 2195. The petitioner in <u>Rehaif</u> was an alien who entered the country on a nonimmigrant student visa to attend university. He received poor grades and the university dismissed him. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. <u>Id.</u> at 2194. After the Government learned of the petitioner's visit to a firing range, where he shot two firearms, the petitioner was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over the petitioner's objection, that the "United States is not required to prove" that the petitioner "knew he was illegally or unlawfully in the United States." <u>Id.</u> at 2194. The jury found the petitioner guilty and he was sentenced to 18 months' imprisonment. <u>Id.</u> At issue before the Supreme Court was whether the Government must prove that a defendant knows of his status as a person barred from possessing a firearm, which in that case was the petitioner's status as an illegal alien. <u>Id.</u> at 2195. The Supreme Court held that, in possession under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm <u>and</u> that he knew he belonged to the relevant category of persons barred from possessing a firearm. <u>Id.</u>

<u>Rehaif</u> does not apply to the petitioner's motion. The requirement of proof by the

Government that a defendant knew he belonged to the relevant category of persons barred from possessing a firearm was found in the context of a jury trial. In the instant case, the petitioner was charged with "knowingly" possessing a firearm as a felon. He pleaded guilty to this charge. The petitioner admitted all the facts essential to sustain his conviction under Section 922(g)(1) when he agreed to plead guilty. United States v. Broce, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); see also United States v. Willis, 992 F.2d 489, 490 (4th Cir 1993) ("A knowing, voluntary, and intelligent plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction."[4]

With respect to the terms of his supervised release, the petitioner clearly misunderstands the "binding" nature of his plea agreement. The only binding provision in the agreement was the parties' agreement that the statutory mandatory minimum term of 15 years imprisonment was a reasonable, fair, and appropriate sentence.[5] Nothing in the agreement addressed the issue of supervised release, and the petitioner identifies no case law to suggest that the terms of supervised release are not within the province of the Court.[6] More importantly, he cites no case law which would satisfy the

---

[4] To the extent that this petition could be construed as an allegation that petitioner's plea was not knowingly and intelligently made, this is not the type of collateral attack contemplated by either In re Jones or Wheeler. Instead, Petitioner should have filed a direct appeal and/or § 2255 petition challenging the same.

[5] The plea agreement provided that should the court reject that provision of the agreement, the petitioner was be permitted to withdraw his plea.

[6] In fact, U.S.S.G. § 5D1.1 requires the Court to impose a term of supervised release in cases such as the petitioner's, where a sentence of imprisonment of more than one year is imposed, and § 5D1.3(a) sets forth the mandatory provisions of supervised

requirements of the <u>Wheeler</u> test for challenging a sentence.

Consequently, because the petitioner attacks the validity of his conviction and sentence and fails to establish that he meets either the <u>Jones</u> or <u>Wheeler</u> requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. <u>Rice</u>, 617 F.3d at 807.

## VII.    <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned recommends that the petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**, and the petitioner's Motion to Appoint Counsel **[Doc. 5]** be **DENIED AS MOOT**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to  file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

---

release.  Finally, § 5D1.3(b) provides that the court may impose other conditions of supervised release.

**Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  June 26, 2020

*/s James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE