# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**CHARLES V. STEELE,**

    Petitioner,

v.

                                                    **Civil Action No. 5:20-CV-103
(BAILEY)**

**RICHARD HUDGINS,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on June 26, 2020, wherein he recommends the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice and that the Motion to Appoint Counsel [Doc. 5] be denied as moot. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

The petitioner is a federal inmate incarcerated at FCI Gilmer in Glenville, West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on June 2, 2020, pursuant to 28 U.S.C. § 2241. On December 20, 2005, petitioner was sentenced to 180 months of prison and four years of supervised release after pleading guilty to being a felon

in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).[1] According to the BOP website, petitioner is scheduled to be released on December 15, 2025.

In his petition, Steele argues that his conviction should be vacated for two reasons. First, he contends that under *Rehaif v. United States*, 139 S.Ct. 2191 (2019), a conviction under 18 U.S.C. § 922(g) requires that the Government prove he knew he belonged to the relevant category of persons barred from possessing a firearm; he argues that the Government was not required to prove this and his conviction is therefore invalid. [Doc. 1 at 5]. Second, he argues that the terms of his plea agreement were breached when the sentencing Court included supervised release as part of the sentence. [Id. at 6].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889

---

[1]Taken from Steele's criminal docket from the Northern District of Indiana, available on PACER. See *United States v. Steele*, 2:04-CR-00058-PPS-APR-1, Doc. 18.

2

F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections to the R&R [Doc. 7] on July 13, 2020. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's

> direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333–34).

Here, the magistrate judge found that the petition should be dismissed because petitioner cannot meet the *Jones* test. In particular, the magistrate judge found that the crime for which petitioner was convicted remains a criminal offense and that he therefore cannot meet the second element of *Jones*. [Doc. 6 at 7]. Further, the R&R finds that although petitioner argues *Rehaif* invalidates his conviction, that case is inapplicable because whereas *Rehaif* applied to the context of a jury trial, the petitioner in this case pled guilty to knowingly possessing a firearm as a felon. Accordingly, the R&R recommends the petition be denied and dismissed without prejudice.

On July 13, 2020, the petitioner filed objections. Although much of the objections merely reassert petitioner's *Rehaif*-based argument, he makes several specific objections to the Magistrate Judge's findings. First, although he acknowledges that his crime of conviction remains a criminal offense, petitioner contends that because of the knowledge element found in *Rehaif*, petitioner's guilty plea was made "without ever acknowledging in his guilty plea that he knew of his status [which] violates his Fifth Amendment rights of indictment, and due process and his Six[th] Amendment Fair-trial guarantees." [Doc. 7 at 3], (citing *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020); *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020)). Here, the Magistrate Judge already addressed this argument in the R&R:

4

> To the extent that this petition could be construed as an allegation that petitioner's plea was not knowingly and intelligently made, this is not the type of collateral attack contemplated by either *In re Jones* or *Wheeler*. Instead, Petitioner should have filed a direct appeal and/or § 2255 petition challenging the same.

[Doc. 6 footnote 4]. Because the R&R has already dealt with this argument, this objection is overruled.

Second, and related to the first, petitioner objects that although a violation of § 922(g)(1) remains a crime, "the conduct for which petitioner was convicted was deem[ed] non-criminal, which makes it not a crime as it relates to petitioner." [Doc. 7 at 8]. This is incorrect; as noted in the R&R, petitioner was charged with "knowingly" possessing a firearm, conduct which remains a criminal offense. To the extent that this argument is another challenge to petitioner's plea being made knowingly and intelligently, the objection fails for the same reason as the first. Accordingly, this objection is overruled.

Third, petitioner objects that the Magistrate Judge incompletely quotes the plea agreement and that it was inappropriate for him to be sentenced to supervised release as

> "the only thing mentioned in the binding [plea agreement] for punishment was to give petitioner 15 years incarceration. If supervised release was mandatory or any thing else then it should have been clearly stated in the plea."

[Doc. 7 at 13]. As above, the R&R already addressed this issue:

> With respect to the terms of his supervised release, the petitioner clearly misunderstands the "binding" nature of his plea agreement. The only binding provision in the agreement was the parties' agreement that the statutory mandatory minimum term of 15 years imprisonment was a reasonable, fair, and appropriate sentence. Nothing in the agreement addressed the issue of supervised release, and the petitioner identifies no case law to suggest that the terms of supervised release are not within the province of the Court.

[Doc. 6 at 9] (footnotes omitted). Petitioner now cites *United States v. Thompson*, 777 F.3d 368, 372 (7th Cir. 2015) for the proposition that, "supervised release augments [punishment]—most dramatically when the defendant, having been determined to have violated a condition or conditions of supervised release, is given, as punishment, a fresh term of imprisonment." [Doc. 7 at 14]. Put simply, *Thompson* is not relevant either to petitioner's objection or to his original petition; that case dealt with specific conditions of supervised release and not with whether supervised release was within the province of the sentencing Court. Accordingly, this objection is overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 6]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections **[Doc. 6]** are **OVERRULED**. This Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**. Further, the petitioner's Motion to Appoint Counsel **[Doc. 5]** is **DENIED AS MOOT**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

DATED: July 30, 2020.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE